UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY D. REAVES,

        Petitioner,

v.                                    CASE NO. 05-CV-73821-DT
                                       HONORABLE GEORGE CARAM STEEH

GERALD HOFBAUER,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING THE HABEAS CORPUS PETITION
## AND
## DENYING PETITIONER'S MOTION FOR A PRELIMINARY INJUNCTION

Petitioner Anthony D. Reaves has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. The habeas petition attacks the calculation of Petitioner's consecutive state sentences. The Court has concluded for reasons set forth below that Petitioner is not entitled to the writ of habeas corpus. Accordingly, the habeas petition will be dismissed.

### I. Background

On February 1, 1985, a Washtenaw County circuit judge sentenced Petitioner to imprisonment for three to five years for larceny by conversion. On June 21, 1985, Petitioner was sentenced in Oakland County Circuit Court to imprisonment for three to ten years for receiving and concealing stolen property.

Petitioner was placed in a community release program in March of 1987, but he escaped from the program on October 13, 1987, and on January 19, 1988, he pleaded guilty in Oakland County Circuit Court to prison escape. In March of 1988, Petitioner was sentenced to ten months in jail for his escape. Petitioner was released to the Michigan Department of Corrections

to complete service on his previous sentences before serving his consecutive jail sentence.

On May 4, 1988, Petitioner was paroled from his 1985 sentences for a period of twenty-four months. He was released to Oakland County officials for service of his ten-month sentence for escape. The remainder of his parole term was expected to be served on the ten-year maximum sentence for his 1985 offenses.

Petitioner successfully completed his ten-month sentence for prison escape. However, on October 1, 1989, he allegedly engaged in criminal sexual conduct, and on October 2, 1989, he failed to report to his parole officer. He was arrested and charged with second-degree criminal sexual conduct and violating the conditions of parole. On April 10, 1990, Petitioner was convicted of second-degree criminal sexual conduct, and on May 2, 1990, he was sentenced as a habitual offender to imprisonment for five to fifteen years. This sentence was ordered to run consecutively to the sentences that Petitioner was serving when he committed the offense.

Petitioner challenged the computation of his sentences in a complaint for the writ of mandamus. The complaint was dismissed on the merits on March 23, 2005. Petitioner attempted to appeal the dismissal of his complaint, but his appeal to the Michigan Court of Appeals was rejected on July 28, 2005, for failure to pay the filing fee. The Michigan Supreme Court dismissed Petitioner's subsequent appeal on September 14, 2005, because he failed to pay the partial filing fee.

Petitioner filed his pending habeas corpus petition on October 5, 2005. The sole ground for relief reads:

> Petitioner is entitled to habeas relief when the Respondents failed to perform their non-discretionary duty to terminate Petitioner's "C" Prefix sentence prior to the Petitioner commencing the prison break sentence.

Petitioner raised the same issue in a motion for preliminary injunction filed on February 13, 2006. Respondent argues in an answer to the habeas petition that Petitioner's claim concerns only the interpretation of state law and that the Court may not grant habeas relief on the ground that the state courts are misinterpreting their own laws.

## II. Discussion

### A. Exhaustion

State prisoners are required to exhaust state remedies before raising their claims in a federal habeas corpus petition. 28 U.S.C. § 2254 (b)(1) and (c). Petitioner failed to comply with this requirement by raising his claims in the Michigan Court of Appeals and in the Michigan Supreme Court. Both state appellate courts rejected his applications for leave to appeal because he failed to comply with the filing requirements.

The exhaustion requirement, however, is not a jurisdictional one, *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005), and the Court may excuse the failure to exhaust state remedies if it denies habeas relief, 28 U.S.C. § 2254(b)(2). Petitioner's claim lacks merit, and it would be a waste of time and judicial resources to require exhaustion of state remedies. The Court, therefore, will proceed to address Petitioner's claim.

### B. Petitioner's Sentencing Claim

Petitioner alleges that he is illegally confined because he has served the maximum sentence imposed. Petitioner claims that he was discharged or terminated from his 1985 sentences in 1988 when the Parole Board released him to his escape sentence, and his fifteen-year maximum sentence for criminal sexual conduct began to run in May of 1990. Therefore, argues Petitioner, he should have been released in 2005.

3

**1. State Law Issues**

Petitioner relies on Mich. Comp. Laws § 750.193(1) and *Lickfeldt v. Dep't of Corr.*, 247 Mich. App. 299; 636 N.W.2d 272 (2001), to support his claim of illegal incarceration. An argument based on a perceived error of state law or on an alleged violation of Michigan law fails to state a claim on which habeas relief may be granted. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000). In fact, "the actual computation of [a petitioner's] prison term involves a matter of state law that is not cognizable under 28 U.S.C. § 2254." *Kipen v. Renico*, 65 Fed. Appx. 958, 959 (6th Cir. 2003) (citing *Estelle v. McGuire*, 502 U.S. 62, 68 (1991)).[1] Federal courts may grant the writ of habeas corpus only on the ground that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

**2. The Constitutional Claim**

Some sentencing claims implicate the Constitution. Convicted defendants have a due process right to fair sentencing procedures, *United States v. Anders*, 899 F.2d. 570, 575 (6th Cir. 1990), and "imprisonment beyond one's term constitutes punishment within the meaning of the eighth amendment." *Sample v. Diecks*, 885 F.2d 1099, 1108 (3d Cir. 1989). To the extent that Petitioner has asserted a federal constitutional claim, he is entitled to the writ of habeas corpus

---

[1] *See also Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001):

> If the initial interpretation of the state law that the prison authorities used had been correct, Campbell would not have served too much time in prison and thus would not have been confined without penological justification; if the later interpretation was correct, then he remained behind bars too long. This reveals that Campbell's case is really about the contest of Illinois law, not the federal constitution.

only if he can show that the state court's adjudication of his claim on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Simply stated, Petitioner must show that the state court's decision "was either contrary to, or an unreasonable application of, [the Supreme] Court's clearly established precedents, or was based upon an unreasonable determination of the facts." *Price v. Vincent*, 538 U.S. 634, 639 (2003).

The crux of Petitioner's claim is that his 1985 sentences terminated in 1988 because the Parole Board released him to his sentence for prison escape then. In support of this argument, Petitioner relies on *Lickfeldt* and the statute that makes escape from prison a felony. The statute provides that the term of imprisonment for escape "shall be served after the termination . . . of the sentence or sentences then being served." Mich. Comp. Laws § 750.193(1). The Michigan Court of Appeals determined in *Lickfeldt* that, pursuant to § 750.193(1), Lickfeldt had a clear statutory right to termination of her original sentences before she began to serve her sentence for prison escape.

"*Lickfeldt* is distinguishable from this case in that the prisoner there had already served the maximum possible term for her original sentences." *Sobiecki v. Mich. Dep't of Corr.*, __ N.W.2d __, __, No. 264121, 2006 WL 1359912, ¶ 4 (Mich. Ct. App. May 18, 2006). Petitioner, on the other hand, apparently had served only his minimum 1985 sentences when he was released on parole.

In addition, Petitioner violated the terms of parole while he was serving his fourteen-month parole term for the 1985 sentences. The sentence for an offense committed while a person is on parole begins "to run at the expiration of the remaining portion of the term of imprisonment imposed for the previous offense." Mich. Comp. Laws § 768.7a(2). Section 768.7a "does not require the termination of any earlier sentences . . . ." *Lickfeldt*, 247 Mich. App. at 306; 636 N.W.2d 275. "Although the Parole Board *may* terminate an earlier sentence after the prisoner has completed its minimum term, doing so is not mandatory, either as a statutory matter or as a practical matter." *Sobiecki,* 2006 WL 1359912, at ¶ 6; *see also* Mich. Comp. Laws § 791.242 (explaining that a paroled prisoner shall be deemed to have served his full sentence, and the parole board shall enter a final order of discharge, when the parolee "has faithfully performed all of the conditions and obligations of his parole for the period of time fixed in such order, and has obeyed all of the rules and regulations adopted by the parole board").

Furthermore, the maximum terms of consecutive sentences are added together to compute a new maximum term. Mich. Comp. Laws § 791.234(3). "[D]ischarge shall be issued only after the total of the maximum sentences has been served less good time and disciplinary credits, unless the prisoner is paroled and discharged upon satisfactory completion of the parole." *Id*.

Petitioner's 1985 ten-year maximum sentence for receiving and concealing stolen property had not fully expired when Petitioner committed criminal sexual conduct. Because he did not complete parole satisfactorily, state officials were entitled to add his maximum sentence for criminal sexual conduct to his maximum sentence for receiving and concealing stolen property. The new maximum term of twenty-five years has not expired, and the Parole Board's

6

grant of parole in 1988 did not necessarily entail termination of Petitioner's 1985 sentences. *Sobiecki*, 2006 WL 1359912, at ¶ 8.  Petitioner has not been unjustly punished or unfairly confined, because he is not incarcerated beyond his combined maximum sentence.

### III. Conclusion

Petitioner has failed to show that the state court's adjudication of his claim was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court.  Accordingly, his habeas petition [Doc. #1, Oct. 5, 2005] and amended petition [Doc. #4, Nov. 8, 2005] are DENIED.  Petitioner's motion for a preliminary injunction [Doc. #9, Feb. 13, 2006] likewise is DENIED.


Dated:  August 14, 2006

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 14, 2006, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk